## McHARG–BARTON CO. v. MARITIME DREDGING CO.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

UNITED STATES (§ 70*)—CONTRACTS—CONSTRUCTION.

A provision of a contract for dredging necessary in the construction of a government storage dock, that the constructing quartermaster should pass on the "quality of work done," did not authorize him to decide, as between the contractor and subcontractor, whether the material which the subcontractor failed to excavate was "hardpan," which the subcontract, by its terms, did not cover.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 53; Dec. Dig. § 70.*]

Appeal from Special Term, New York County.

Action by the McHarg-Barton Company against the Maritime Dredging Company. From orders granting a motion to set aside a verdict for defendant and for a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Edward W. Norris, of New York City, for appellant.

John C. Wait, of New York City, for respondent.

SCOTT, J. Plaintiff contracted with the United States to furnish all the labor and material required for the construction of a storage

dock at Ft. Wood in New York Harbor, including dredging, etc. Plaintiff subcontracted with the defendant to do the dredging in the above contract for the lump sum of $21,000. The work was to be done as per plans and specifications issued by the constructing quartermaster at said Ft. Wood, and to the satisfaction of said constructing quartermaster. The plans and specifications required that the basin and channel should be dredged to the uniform depth of eighteen feet at mean low water. Estimates were to be made monthly on the 25th of each month, and 90 per cent. of the amount of each estimate was to be paid before the 10th of the next month. The two significant clauses of the contract between plaintiff and defendant, so far as concerns this appeal, are the third and fifth, reading as follows:

"Third. Should any dispute arise respecting the true construction or meaning of the drawings or specifications or quality of work done, the same shall be decided by the constructing quartermaster, Ft. Wood, N. Y. H., and his decision shall be final and conclusive."

"Fifth. It is agreed that if the party of the second part should encounter ledge rock or hardpan in the execution of this contract, that this material is not to be removed under the terms of this contract."

The defendant concededly did not complete the contract, but, after working at it for some time, discontinued work. This action is for damages suffered by plaintiff by reason of defendant's fault. Defendant attempts to justify its discontinuance by the assertion that it encountered "hardpan," which it was not required to remove, and that it did in fact remove everything but hardpan. The issue as to whether hardpan was encountered went to the jury, which found in defendant's favor. On motion, the court set aside the verdict and ordered a new trial "on the grounds that the said verdict is against the weight of evidence and as a matter of judicial discretion."

The verdict was clearly against the evidence. Certainly the defendant did not sustain the burden of justifying its default. For this reason, if for no other, the orders should be affirmed. It is not necessary to pass upon the many exceptions taken during the trial, except to express the opinion that the provision in clause 3 of the contract, providing that the constructing quartermaster should pass on the "quality of work done," did not impose upon him the duty or authority to decide, as between plaintiff and defendant, whether the material which defendant failed to excavate was or was not "hardpan." That was not a question as to the "quality of work done."

Orders affirmed, with costs to respondent. All concur.